IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

REBECCA MULLIS,

    Plaintiff,

v.                                    CIVIL ACTION NO. 5:12-03158

MOUNTAIN STATE UNIVERSITY, INC.,

    Defendant.

<u>MEMORANDUM OPINION AND ORDER</u>

Currently pending before the court is defendant's Motion to Stay Proceedings.  (Doc. No. 62).  For the reasons that follow, the motion is granted.

**I.  Factual and Procedural Background**

Plaintiff, Rebecca Mullis, is a former student of defendant Mountain State University's ("MSU") online Diagnostic Medical Sonography ("DMS") program.[1]  In 2012, MSU lost accreditation and closed its doors.  As a result, plaintiff and many other former MSU students filed suit against MSU in both federal and state courts.  On December 6, 2012, the Supreme Court of Appeals of West Virginia referred all state court actions arising from MSU's loss of accreditation to West Virginia's Mass Litigation Panel ("MLP").

_____

[1] A more comprehensive account of plaintiff's claims can be found in this court's order dated March 27, 2014 denying class certification.  (Doc. No. 55).

On July 3, 2013, the parties jointly moved this court to stay the case pending mediation. (Doc. No. 36).  The court granted a temporary stay and ordered the parties to submit a status report within 30 days of the commencement of mediation. (Doc. No. 37).  On September 23, 2013, the court lifted the stay.  (Doc. No. 40).  Magistrate Judge VanDervort issued a scheduling order in the case on May 1, 2014, setting trial for April 28, 2015.  (Doc. No. 58).

On September 18, 2014, defendant filed another motion to stay proceedings, arguing that a proposed limited fund settlement agreement, pursuant to West Virginia Rule of Civil Procedure 23(b)(1)(B), which is pending before the MLP will dispose of plaintiff's claims.  (Doc. No. 62).  In this case as in most cases, after certification of a limited fund class, a class member cannot opt out of a settlement.  See, e.g., Stott v. Capital Fin. Serv., Inc., 277 F.R.D. 316, 327 (N.D. Tex. 2011).  Defendant argues that, upon the MLP's certification of a limited fund class and final approval of the settlement, plaintiff's action cannot proceed.  Plaintiff vigorously opposes this motion and argues that a stay in this case would serve no legitimate purpose.  (Doc. No. 63).

On October 6, 2014, the MLP issued preliminary approval of the limited fund class settlement agreement as well as certifying a limited fund class, of which plaintiff is a member.

The MLP set a final fairness hearing on the settlement for
January 16, 2015.  In its reply, defendant argues that the court
should stay the case to await the outcome of the MLP's approval
proceedings.  (Doc. No. 64).

## II.  Analysis

The court concludes that a stay is appropriate in this
case.  When analyzing a motion to stay, a court must consider:
(1) whether a stay is in the interest of judicial economy, (2)
the degree of hardship and equity to the moving party absent a
stay, and (3) potential prejudice to the non-moving party.
White v. Ally Fin. Ins., 969 F. Supp. 2d 451, 562 (S.D.W. Va.
2013); see also Landis v. N. Am. Co., 299 U.S. 248, 255 (1936).
The moving party bears the burden of proving these factors by
clear and convincing circumstances.  Williford v. Armstrong
World Indus., 715 F.2d 124, 127 (4th Cir. 1983).

A stay is in the interest of judicial economy because the
MLP's approval of the settlement will prevent plaintiff from
pursuing her claim in this court.  Pursuant to the terms of the
limited fund settlement agreement, a class member cannot opt out
of a settlement upon certification of a class and final approval
of the settlement agreement.  Here, the MLP certified a class in
this case when it issued preliminary approval of the limited
fund settlement on October 6, 2014, and plaintiff is a member of

3

this class.  All that remains is for the MLP to issue a final decision approving or rejecting the settlement.

Further, under the terms of the proposed settlement, each class member will be enjoined from commencing or prosecuting any action related to the closure of MSU.  And, finally, this court must give full faith and credit to any decision approving the settlement.  See 28 U.S.C. § 1738 (2012); see also Matsushita Elec. Indus. Co., Ltd. v. Epstein, 516 U.S. 367, 374 (1996) ("[A] judgment entered in a class action, like any other judgment entered in a state judicial proceeding, is presumptively entitled to full faith and credit under the express terms of the Act.").  A temporary stay will prevent potentially unnecessary litigation and, as a result, is in the interest of judicial economy.

Additionally, defendant likely would suffer hardship absent a stay.  In the proposed settlement, defendant represents that it has limited funds to address claims made by former MSU students.  The terms of the proposed settlement provide that defendant will pledge all of its assets to the settlement fund. If defendant used any funds to resolve plaintiff's suit, it would breach the proposed settlement agreement and thereby harm defendant and other parties to the settlement.  As defendant highlights, a failure to stay the case would provide settling parties with incentive to back out of the proposed settlement

4

because it would create uncertainty regarding whether the settlement would encompass all pending claims against defendant. As a result, defendant likely would suffer hardship if the court did not stay the case.

Finally, the court concludes that a stay would not prejudice plaintiff.  In her motion opposing a stay, plaintiff makes a number of arguments against approval of the settlement agreement, but the proposed settlement agreement is not before this court.  The court notes that plaintiff's counsel appeared before the MLP on October 6, 2014 to argue against approval of the settlement and will have an opportunity to argue against its approval at the final fairness hearing.

If anything, a stay would benefit not only defendant, but plaintiff as well.  As the MLP has certified a class and plaintiff is a member of that class, plaintiff is beholden to the MLP's decision regarding the proposed settlement.  She can recover only according to the terms of the settlement, if it is approved.  A stay will allow plaintiff to focus on the proposed settlement, rather than expending resources on potentially futile litigation.  If the MLP does not approve the settlement, plaintiff can continue to litigate her claim in this court. Further, the stay will not last indefinitely, but only until the MLP reaches a final decision on the proposed settlement

agreement.  Consequently, the proposed stay will not prejudice plaintiff.

The court finds support for its findings in an order from our sister district.  In the Northern District of West Virginia, Judge Groh recently stayed a number of cases brought by former MSU students against the school and related defendants pending the outcome of the MLP's decision.  <u>Kamara v. Polk et al.</u>, Civil Action No. 3:12-cv-143 (N.D.W. Va. Sept. 19, 2014).  The court finds no reason that plaintiff's case should reach a different result.

Accordingly, the court **GRANTS** defendant's Motion for a Stay and stays this case pending the MLP's decision regarding the proposed limited fund settlement agreement.  The parties are hereby **ORDERED** to notify the court of the MLP's decision within 30 days of its issue.

The Clerk is directed to send copies of this Memorandum Opinion and Order to counsel of record.

IT IS SO ORDERED this 28th day of October, 2014.

ENTER:

David A. Faber
Senior United States District Judge